Julio **GONZALES**, Petitioner-Appellant,

v.

Dr. George **BETO**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72–1126

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 18, 1972.

* ▮ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Roy E. Greenwood, Staff Counsel, Tex. Dept. of Corrections, Harry H. Walsh, III, Staff Counsel, Huntsville, Tex., for petitioner-appellant.

Howard M. Fender, Asst. Atty. Gen. State of Texas, Austin, Tex., Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Rob-er C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant, a Texas State prisoner, incarcerated for theft, appeals from a denial by the District Court of habeas relief. He contends that the warrantless search of an impounded automobile (in which he had been riding as a passenger when arrested) was illegal, and that a lineup procedure at which he was identified without benefit of counsel was so fundamentally prejudicial as to amount to a deprivation of due process.

We have examined the record and the District Court's findings and conclusions, and we are convinced that relief was properly denied.

The search of the vehicle was based on probable cause, independent of any incident to arrest, and under circumstances approved in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The lineup, having occurred prior to United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), must be judged by the totality of surrounding circumstances to determine whether it was "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to constitute lack of due process. Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967); Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). We have applied these standards and find no circumstances whatsoever which were conducive to the denial of any of appellant's constitutional rights. We find no error by the District Court.

Affirmed.